Robert Glen COE, Respondent,

v.

STATE of Tennessee, Movant.

Supreme Court of Tennessee,
at Jackson.

Dec. 15, 1999.

Michael E. Moore, Solicitor Gen., Glenn R. Pruden, Asst. Atty. Gen., Nashville, for State.

James H. Walker, Nashville, for Robert Glen Coe.

## ORDER

This cause came on to be heard upon the motion of the State of Tennessee requesting that an execution date be set in the above-styled case.

On December 9, 1999, the respondent, Robert Glen Coe, filed a "Response to Motion to Set Execution Date," in which he alleged that the State's motion should be denied because he is presently pursuing remedies in the federal and state courts. In the response, the respondent attempted to reserve the right to raise the issue of his competency to be executed until a later time. On Friday, December 10, 1999, this Court entered an order directing the respondent to supplement his response to the state's motion on the issue of his present competency by Monday, December 13, 1999, 4:30 p.m. C.S.T., or the issue would be waived.

In accordance with this Court's order, the respondent has filed a "Motion to Reconsider December 10, 1999 Order Requiring Supplemental Response and/or Supplemental Response to Motion to Set Execution Date." Respondent again alleges that, because he has claims pending before the state and federal courts, any

claim of present incompetency under this Court's decision is not ripe under *Van Tran v. State*, 6 S.W.3d 257 (Tenn.1999), and the State's Motion to Set Execution Date should be denied. In the alternative, the respondent alleges that the motion to set execution date should be denied because he is mentally ill and has a long history of mental illness. The respondent also alleges that, faced with an imminent execution date, his mental stability will deteriorate so that he will become incompetent to be executed. Finally, the respondent requests, that if the issue of present competency to be executed is litigated, this Court appoint James Holt Walker to represent him in any future state court proceedings regarding the claim of present incompetency and that the Court provide the respondent sufficient funding and time to secure expert services in order to establish the required threshold showing of present incompetency under *Van Tran*.

■ Upon due consideration, the respondent's Motion to Reconsider this Court's December 10, 1999, Order Requiring Supplemental Response is DENIED. While it appears to the Court that respondent has proceedings currently pending in both state and federal court, as of this date he has pursued at least one unsuccessful challenge to his conviction and sentence through direct appeal, state post-conviction and federal habeas corpus proceedings. Coe has thus exhausted the standard three-tier appeals process when the United States Supreme Court rejected his petition to rehear on November 29, 1999. This satisfies the ripeness and imminency requirements of *Van Tran* and triggers the duty of the prisoner to raise a challenge to his present competency to be executed.

■ It further appearing to the Court that the respondent has raised the issue of his present competency to be executed in accord with the procedures adopted by this Court in *Van Tran v. State*, it is hereby ORDERED, ADJUDGED and DECREED that the issue is remanded to Division III of the Criminal Court of Shelby County, where the respondent was originally tried and sentenced, for an expeditious determination of respondent's present competency, including the initial determination of whether the respondent has met the required threshold showing. These proceedings shall be conducted in accord with the procedures and time limits set forth in *Van Tran v. State*, which provides no more than fifty-five (55) calendar days for the conclusion of the trial court proceedings and the filing of an appeal in this Court.[1]

It further appearing to the Court that the Federal Public Defender, who has previously represented the respondent, cannot engage in extended litigation in state court and that Supreme Court Rule 13, § 3(b) requires that at least two attorneys must be appointed to represent a defendant in a capital case, the Court hereby appoints the Public Defender's Office for the 30th Judicial District and James Holt Walker, 601 Woodland Street, Nashville, Tennessee 37206, to represent the respondent in the competency proceedings in this case. The Public Defender's Office and James Holt Walker shall act as co-counsel.

Furthermore, the respondent's request for funding to secure expert services to establish the required threshold showing of present incompetency under *Van Tran* is more appropriately considered by the

---

1. In computing the time periods set out in *Van Tran v. State*, the day of the event, i.e. entry of the Order of Remand, filing of the petition, or response to the petition, is not to be included in the computation. Moreover, if the last day of the period for filing is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office for filing is closed, the period runs until the end of the next day which is not a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is closed for filing. *Cf.* Tenn. R. Civ. P. 6.01; Tenn. R.App. 21(a). In all other circumstances, Saturdays, Sundays, legal holidays, and days when the clerk's office is closed for filing are included in the computation of the time periods set forth in *Van Tran v. State*.

trial court. This Court, therefore, remands the issue of funding to secure expert services to the trial court for its consideration and determination. The respondent's request for "time to secure expert assistance" is hereby DENIED. However, because of the appointment of new counsel, the respondent is given until Wednesday, December 29, 1999, to file his petition in the trial court. The time limits set out in *Van Tran* shall be strictly followed in all other respects.

Furthermore, after due consideration, the State's motion to set an execution date is GRANTED. It is hereby ORDERED, ADJUDGED and DECREED by this Court that the Warden of the Riverbend Maximum Security Institution, or his designee, shall execute the sentence of death as provided by law on the 23rd day of March, 2000, unless otherwise ordered by this Court or other appropriate authority. Counsel for Robert Glen Coe shall provide a copy of any order staying execution of this order to the Office of the Clerk of the Appellate Court in Nashville. The Clerk shall expeditiously furnish a copy of any order of stay to the Warden of the Riverbend Maximum Security Institution.

FOR THE COURT:

/s/ Riley Anderson

Riley Anderson, Chief Justice.