**Robert Glen COE, Movant,**

v.

**STATE of Tennessee, Respondent.**

Supreme Court of Tennessee,
at Nashville.

April 3, 2000.

See also 655 S.W.2d 903.

Michael E. Moore, Solicitor Gen., Glenn R. Pruden, Asst. Atty. Gen., Nashville, for State.

Robert Hutton, Glankler Brown, PLLC, Memphis, for Robert Glen Coe.

## ORDER

Robert Glen Coe has filed a "Motion to Rescind Order Setting Execution Date; or in the Alternative for Stay of Execution." He asks this Court to rescind its order of March 30, 2000, setting his execution for April 5, 2000. In the alternative, he requests that this Court stay his execution so that he can appeal the recent denial of his petition for writ of habeas corpus by the United States District Court.

Coe contends that this Court's order setting his execution violates the procedures set forth in *Van Tran v. State,* 6 S.W.3d 257 (Tenn.1999), which, he argues, indicated that this Court would set an execution date only upon motion by the Attorney General. *Van Tran* addressed only the procedure for initially setting the date for a prisoner's execution upon exhaustion of the prisoner's standard three-tier appeals process. *See Coe v. State,* 17 S.W.3d 191 (Tenn.1999). Once an execution date is initially set, this Court possesses continuing jurisdiction to set a new date should the original date of execution expire as the result of a stay issued by a federal court or other appropriate authority. A second motion by the Attorney General is unnecessary.

Coe further contends that the date set by this Court interferes with the federal courts' ability to consider his claims "in an orderly and judicious manner." A request for stay of execution in order to litigate claims in a federal court is more appropriately addressed to that court.

Upon due consideration, a majority of the Court concludes that the motion should be and is hereby DENIED.

FOR THE COURT:

/s/ E. Riley Anderson

E. RILEY ANDERSON,
CHIEF JUSTICE

/s/ Frank F. Drowota, III

FRANK F. DROWOTA, III,
JUSTICE

Dissenting–See Separate Order

/s/ Adolpho A. Birch, Jr.

ADOLPHO A. BIRCH, JR.,
JUSTICE

/s/ Janice M. Holder

JANICE M. HOLDER,
JUSTICE

/s/ William M. Barker

WILLIAM M. BARKER,
JUSTICE

ADOLPHO A. BIRCH, Jr., Justice, dissenting.

I would grant the petitioner's "Motion to Rescind Order Setting Execution Date; or in the Alternative for Stay of Execution" filed March 31, 2000.

As expressed in the motion, the Court's *sua sponte* setting of an execution six days from the date of that order, and seven days after the denial of the habeas corpus petition in the United States District Court, Middle District, does not allow the petitioner a reasonable opportunity to appeal the District Court's ruling to the United States Court of Appeals, 6th Circuit, or the United States Supreme Court. *See Coe v. Bell,* 89 F.Supp.2d 922 (M.D.Tenn.2000). As a matter of fact, six days is even less than the time allotted for a petitioner to respond to a motion to set an execution date in the fairly expedited procedure set out in *Van Tran v. State,* 6 S.W.3d 257, 267 (Tenn.1999) ("The prisoner will have ten days from the filing of the motion of the State Attorney General to file a response and raise this issue.").

Accordingly, I would:

(1) grant the petitioner's motion to rescind this Court's order setting the execution date for April 5, 2000;

(2) require the Attorney General to file a motion for this Court to set another execution date; and following that motion,

(3) set the execution date in an order which allots a reasonable period of at least fourteen days between the date of that order and the execution date.